**O'SHAUGHNESSY, Admr. of the Estate of Thomas C. Walsh, deceased, Plaintiff, v. STOFFT, Defendants.**

Probate Court, Franklin County.

No. 147014.   Decided October 20, 1953.

Jack M. Parrish, for Thomas F. O'Shaughnessy, Administrator of Estate of Thomas C. Walsh, deceased.

Guy V. Fridley, Columbus, for Maizie Walsh Stofft, defendant.

Carl Fergus, John Fergus, Columbus, for Park Federal Savings & Loan Company, defendant.

Clifford Southwick, Columbus, for Emma McGuire, et al., defendants.

## OPINION

By McCLELLAND, PJ.

**Decision on Competency of Maizie Walsh Stofft as a Witness**

The question now before this Court arises in a proceeding for the determination of heirship of Thomas C. Walsh, deceased. Maise Walsh Stofft, a resident of Buffalo, New York, claims to be a sister of the decedent and therefore an heir of the decedent who died intestate. She was made a party defendant in the action but has not filed an answer. At the hearing of this matter her deposition was offered and objection was made to the admission of same on the ground that she was precluded by the provisions of §11495 GC, the first paragraph of which consists of the following language:

"A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person."

It is claimed by the objectors that the above named defendant is claiming as an heir of the deceased person. There is no claim on the part of anyone that the testimony of the deponent is admissible under any of the exceptions set forth in the above named statute. The question then is whether or not she is incompetent by reason of the fact that she claims to be an heir of the decedent.

The action in which the issue is raised is brought by virtue of §10509-95 GC, which reads as follows:

"Whenever property passes by the laws of intestate succession, or under a will to a beneficiary or beneficiaries not named in such will, proceedings may be had in the probate court to determine the persons entitled to such property."

The following §10509-96 GC provides that the executor or administrator may file in the probate court where the estate is being administered, a petition signed by such executor or administrator or his attorney, which petition shall be duly verified, and that the surviving spouse and the legatees and devisees, or the heirs and distributees of the decedent, including those who are unknown, shall be made parties defendant. The petition shall contain a concise statement of the pertinent facts and shall conclude with a prayer for the determination of the heirs and distributees of such decedent or of the devisees or legatees not named in the will, as the case may be, and their respective interests in the estate.

At the outset we must direct our attention to the character of such proceeding. The proceeding must be brought by the fiduciary, unless it shall be necessary for some other person to bring it. The gist of the proceeding is to determine who are the heirs of the decedent. The statute of descent and distribution determines the descent of all property of an intestate. Neither the courts nor the parties may change the course of descent. When this decedent died, the law determines the course of descent of his property. If any one claims to be an heir of the decedent, it is his responsibility to prove that he brings himself within the classification of heirs under the statute. Such a proceeding is not one to establish the relation of debtor and creditor between the heir and the fiduciary, nor the relation of trustee and cestui que trust. This is not a proceeding by which the estate is diminished. It is simply to determine who may establish such relationship to the decedent as to bring him within one of the categories of the law of descent and distribution. If this action were one to establish a relation of debtor and creditor, or relation of trustee and cestui que trust, or any action which would diminish or deplete the estate, then the provisions of the statute might apply.

. We have made considerable investigation in attempting to determine this matter, and in doing so we have investigated the purpose of same. In **Vol. 42 O. Jur., page 165**, we find the following language:

"As to the second object, it was the apparent intention of the legislature to provide mutuality between the parties, the statute being intended to embrace that class of cases where, by the nature of the case, mutuality would be impossible. It

is a general principle that if one of the parties to a transaction cannot give his version of it, the other party thereto should not be admitted to testify in his own favor, for where there is no mutuality, there should not be admissibility."

At page 187 of the same volume, we find the following language:

"The parties must stand in an adverse position, in order for the statute to become effective to bar one of them as being adverse to the representative party. The statute has reference to the adverse character which the parties sustain toward each other as parties in the action at the time of the trial, and not necessarily to their relation as parties to the transaction which is the subject of the action or defense. The word 'party' in the connection in which it is used, is not to be understood as meaning one whose name merely appears upon the record of the case, either as plaintiff or defendant, and who, though a party to the action, has no interest in the event of the particular issue to which the administrator or executor is a party, or, if any, such only as is not adverse to that of the estate of such deceased person.

Whether parties are adverse to each other or not depends on the antagonism or identity of their interests, and not on their mere position as plaintiffs or defendants in the case. That is, the party disqualified and the adverse party must be adversely interested in the determination of the issues of fact, for the mere position in which a party may stand to the administrator upon the record does not necessarily make him an adverse party. This relation only arises between parties to a suit when their interests in the particular matter in controversy are adverse. The rule, therefore, is that in order to render a party incompetent as a witness on the ground that the adverse party is a guardian, trustee, executor, administrator, heir, grantee, assignee, or devisee, the parties must be adverse in interest, and not merely in their nominal status in the case as plaintiffs or defendants."

In our examination of the law and the court decisions construing same, we find that the purpose of the statute is to maintain mutuality between the parties. In this case certain persons claim to be heirs of the decedent. One claims to be the sole heir and impliedly the other defendants claim to be heirs of the decedent. Their interests are not adverse to each other. The gist of the action is to determine who can prove that they come within the classification set forth by the statute of descent and distribution. It is our opinion that any heir can testify for the reason that his claim is not adverse to the estate, nor is his claim adverse to any other heir.

Our attention has been called to the case **Brawley, Appellant v. Thomas, Admr., et al., Appellees,** reported in **82 Oh Ap page 400,** in which case the court held that where the petitioner claims to be the common law wife of the decedent and the adverse parties defend as heirs and administrator of the estate of decedent, the petitioner is incompetent to testify, over objection, as to facts tending to establish the alleged common law marriage. In that case a certain woman claimed to be an heir by virtue of an alleged marriage to the decedent. That claim, if sustained, of course, would reduce the value of the interests distributable to the heirs, and therefore would render the parties adverse to each other. In the present case there is no attempt to reduce the value of the estate. The only question in this estate is to whom or between whom the estate should be distributed. By permitting all the heirs to testify, no one can be injured and we are serving the cardinal purpose of the statute, which is to put all witnesses upon the same basis.

Without any further discussion, we must announce that we have come to the conclusion that Maizie Walsh Stofft, if present in court, could testify, and that she would not be an incompetent witness to testify in this action, and that inasmuch as she is not present, her deposition may be admitted.

Inasmuch as we have reached this conclusion, this Court will now permit the case to be reopened and any heirs who may wish to testify will be permitted to do so.

An order may be drawn accordingly.